IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACQUEL LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-304-RGA |
| AMAZON AWS, | : |
| Defendant. | : |

Racquel Lewis, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 27, 2023
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Racquel Lewis appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). She commenced this action on March 20, 2023. (D.I. 2). Pending are three motions to seal (D.I. 6, 7, 9), a motion to remove defendants (D.I. 8),[1] a motion to reinstate defendants (D.I. 10), and a motion to add current happenings (D.I. 11). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that Defendant Amazon has been allowing her privacy to be violated by connecting her personal email accounts to its domain and using its technology to conduct employment surveillance via her cellphone camera. She also alleges that Amazon has blocked her attempts to secure employment through email and has used her as a "classroom subject/experiment for their cybersecurity technology classes." (D.I. 2 at 6; *see also* D.I. 4).

She requests $10 million in damages and "[c]omplete ending of all adverse activity, retaliation, blocking employment, making accounts in my name, and related scams[,] [o]nline scams, browser hacking and email hijacking, anything else related." (*Id.* at 7).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening

---

[1] This motion indicates that Adecco is a defendant. It is not a defendant in this case, although it is a defendant in another case Plaintiff has filed.

1

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff's Complaint, even when viewed in the light most favorable to her, is so conclusory that piecing together a theory as to how Amazon did anything that plausibly gives Plaintiff a cause of action is impossible. I conclude the Complaint is frivolous and fails to state a claim. My experience and common sense lead me to the conclusion that the allegations are legally and factually frivolous. In other words, they "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). Plaintiff has failed to state a claim under any of the legal theories she raised, and there is no plausible manner in which she could state a claim based on her allegations. Amendment is therefore futile.

3

Plaintiff's motions to seal will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982).

Plaintiff's motions to remove and to reinstate defendants will be dismissed as moot. Her motion to add current happenings will be construed as a motion for leave to amend and will be denied as futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Amendment is futile.

An appropriate Order will be entered.